UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jorge F.S.L.,

        Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

        Respondents.

Civil No. 26-1494 (DWF/EMB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Jorge F.S.L.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Ecuador and a resident of Hudson, Wisconsin. (Doc. No. 1 ¶¶ 7, 12.) He has lived in the United States for over fifteen years. (*Id.* ¶ 12.) He is married to a U.S. Army veteran and has three daughters. (*Id.* ¶ 14.) He has no final order of removal. (*Id.* ¶ 13.)

On February 11, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner outside of his home. (*Id.* ¶ 15.) The ICE agents did not present a valid warrant at the time of his arrest. (*Id.*) He was first taken to the Whipple Federal Building at Fort Snelling in Minnesota. (*Id.* ¶ 19.) He was transferred out of Minnesota on February 12, 2026.[1] (*Id.* ¶¶ 7, 19.) He is currently in ICE detention at the ERO El Paso Camp East Montana in El Paso, Texas.[2] (*Id.*; *Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Feb. 20, 2026).)

Petitioner filed the Petition on February 17, 2026. (Doc. No. 1 at 19.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and

---

[1] The Court ordered Respondents to return Petitioner to Minnesota on February 18, 2026. (Doc. No. 4.) Respondents have not complied with that order. The Court will not order contempt proceedings at this time, so long as Petitioner is promptly returned to Minnesota and released.

Further, Judge Nancy E. Brasel entered a Temporary Restraining Order on February 12, 2026, at 5:00 p.m. in *Advocates for Human Rights v. U.S. Department of Homeland Security* (the "TRO"). No. 26-cv-749, 2026 WL 404457 (D. Minn. Feb. 12, 2026). Based on Petitioner's allegation that he was transferred to Texas on the evening of February 12, 2026, it appears that Respondents violated the TRO. (*See* Doc. No. 1 ¶ 21.)

[2] Respondents do not challenge the Court's jurisdiction to hear this Petition. (*See* Doc. No. 6.) Therefore, the issue is waived. *See Rumsfeld v. Padilla*, 542 U.S. 426, 451-52 (2004) (Kennedy, J., concurring) (explaining that "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue" and that objections to the filing location can be waived); *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (discussing waiver of challenges to the filing location of a habeas petition).

the Administrative Procedure Act. (*Id.* ¶¶ 31-47.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 18.) On February 18, 2026, the Court ordered Respondents to answer the Petition on or before February 20, 2026, at 12:00 p.m. CT. (Doc. No. 4.) Respondents timely filed a form response. (Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 6.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not

3

been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for over fifteen years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 4), Respondents did not do so, (*see* Doc. No. 6). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

4

# ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

    c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program;

    d. Without any tracking devices or use of a tracking application; and

    e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2026                s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge