**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jorge F.S.L.,

Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-1494 (DWF/EMB)

**ORDER**

On February 22, 2026, the Court granted Petitioner Jorge F.S.L.'s petition for writ of habeas corpus and ordered Petitioner's immediate release. (Doc. No. 9 at 5.) The Court directed that Respondents release Petitioner "[w]ith all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone" and "[w]ith all clothing and outerwear he was wearing at the time of detention, or other proper winter attire." (*Id.*)

Respondent filed a status report informing the Court that Petitioner has been released (Doc. No. 11), but Petitioner notified the Court that the release violated the Court's order because Petitioner's cell phone, belt, and boots were not returned to him (Doc. No. 12). Petitioner's counsel alerted Respondents to this issue, to which they responded that ICE was never in possession of the items. (*Id.* at 2-3.) Respondents

provided the detainee personal property record filed out on February 14, 2026. (*See id.* at 3; Doc. No. 14.) Petitioner declares that the items were taken from him at the Whipple Building on February 11, 2026. (Doc. No. 13 ¶¶ 3, 5.) Petitioner now moves for an order for Respondents to show cause as to why they have not returned the three items. (Doc. No. 12.)

The Court specifically declared that Petitioner's detention was unlawful and ordered that he be released with all personal belongings and clothing. Respondents appear to have violated that order by failing to return his cell phone, belt, and boots. The Court therefore orders that Respondents locate the items and return them to Petitioner. If Respondents contend that they were never in possession of the items, the Court orders Respondents to produce evidence of that contention, including the property records from Whipple on February 11, 2026.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondents are directed to locate Petitioner's missing cell phone, belt, and boots and return the items to Petitioner or his counsel.

2. Respondents shall file a status report confirming that Petitioner's belongings have been returned to Petitioner or his counsel, detailing the efforts taken to locate the items, or declaring that Respondents were never in possession of the items, no later than 12:00 p.m. CT on March 17, 2026.

3. If Respondents fail to timely file the status report, or fail to return Petitioner's belongings without sufficient explanation, the Court will issue an order to

show cause why Respondents should not be held in contempt, and a contempt hearing will be scheduled.

4. The Court **RESERVES RULING** on the motion for an order to show cause (Doc. No. [12]).

Dated: March 13, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge